IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Pacesetter Homes, Inc., | * | |
| | | Civil Number 1:20-cv-02478 |
| Plaintiff, | * | |
| v. | | |
| | * | |
| GBL Custom Home Design, Inc., et al. | | |
| | * | |
| Defendants. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANT GBL CUSTOM HOME DESIGN, INC. TO RECONSIDER ITS MOTION TO DISMISS PLAINTIFF'S CLAIM FOR STATUTORY DAMAGES AND ATTORNEY'S FEES, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Defendant, GBL Custom Home Design, Inc. ("GBL"), by its undersigned counsel and pursuant to Fed. R. Civ. P. 54(b) and Local Rule 105.10, submits this Memorandum in Support of its Motion to Reconsider its Motion to Dismiss Plaintiff's Claim for Statutory Damages and Attorney's Fees, or in the Alternative, Motion for Partial Summary Judgment.

## I.   INTRODUCTION

Only Count I of Plaintiff's Complaint is applicable to GBL. Count I claims that GBL infringed Plaintiff's copyrighted work, being architectural plans associated with a work titled, "Pacesetter Homes Charlotte Model" (the "Architectural Plans"). Plaintiff demands statutory damages (Complaint ¶ 96) and attorney's fees (*Id.* ¶ 99) against GBL.

On October 26, 2020, GBL filed a Motion to Dismiss Plaintiff's Claims for Statutory Damages and Attorney's Fees, or in the Alternative, Motion for Partial Summary Judgment (ECF 16 and 16-1). The basis of the motion was that statutory damages and attorney's fees are only available if the Plaintiff's copyrighted work was timely registered with the U.S. Copyright

Office; here, Plaintiff's copyright was registered long after Defendant GBL's one alleged act of infringement occurred. Plaintiff filed a Memorandum in Opposition to Defendant GBL Custom Home Design, Inc.'s Motion to Dismiss Plaintiff's Claims for Statutory Damages and Attorneys' Fees, or in the Alternative, Motion for Partial Summary Judgment (ECF 20). GBL filed a Reply Memorandum in Support of its Motion to Dismiss Plaintiff's Claims for Statutory Damages and Attorney's Fees or, in the Alternative, Motion for Partial Summary Judgment (ECF 24).  On August 17, 2021, the Court denied GBL's Motion To Dismiss Plaintiff's Claim for Statutory Damages and Attorney's Fees, or in the Alternative, Motion for Partial Summary Judgment (ECF 31).

For the reasons following, GBL respectfully submits that this Court should have granted GBL's Motion to Dismiss Plaintiff's Claim for Statutory Damages and Attorney's Fees, or in the Alternative, Motion for Partial Summary Judgment.

## II.     STANDARD OF REVIEW

The Court's Order is not a final judgment; it does not dispose of all matters at issue in this litigation. It is, however, within the Court's power to review its own interlocutory orders to the extent necessary to afford such relief from them as justice requires. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472-73 (4th Cir. 1991).  Review of an interlocutory order is subject to the court's discretion and "not subject to the restrictive standards of motions for reconsideration of final judgments . . . ." *Id.* at 1472; *see also American Canoe Ass'n, Inc. v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003) (further noting that the "ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law"); *Lynn v. Monarch Recovery Mgmt.*, 953 F. Supp. 2d 612, 620-23 (D. Md. 2013) (granting in part motion for reconsideration).

### III.     ARGUMENT

17 U.S.C.S. §§ 412, 504 and 505 does and is intended to preclude an award of statutory damages and attorney's fees for a copyright infringement that commenced prior to registration unless registration of the copyright occurred within three months following first publication. That exception is not applicable.

Professor Nimmer writes, "Commencement of the infringement means 'the time when the first act of infringement in a series of ongoing discrete infringements occur.' Thus, if the infringement on which suit is based commenced prior to registration, [statutory] damages are barred even if the infringement continues past the date of registration." 2 Nimmer on Copyright § 7.16[C][1][i](2020) (*quoting Johnson v. Jones*, 149 F.3d 494, 505-06 (6th Cir. 1998)).  "Every court to consider this question has come to the same conclusion; namely, that infringement 'commences' for purposes of § 412 when the first act in series of acts constituting continuing infringement occurs." *Bouchat v. Champion Prods.*, 327 F. Supp. 2d 537, 551 (D. Md. 2003).

But as to GBL's alleged act, the Court need not consider whether any *additional* infringements would be "continuing infringement" because Plaintiff only alleges that GBL committed one act of copyright infringement and that act occurred at least six months prior to Plaintiff's registration of the Architectural Plans. It is Plaintiff's burden to prove eligibility for statutory damages including showing that the timing permits recovery, typically that infringement commenced post-registration. 2 Nimmer on Copyright § 7.16[c][1][i] (2020). It has failed to meet its burden on the face of its Complaint because it can not. It is undisputed that GBL's alleged act of infringement, the copying of the Architectural Plans, occurred approximately 6 months prior to Plaintiff's registration thereof, which bars Plaintiff from recovering statutory damages and attorney's fees from GBL.

Plaintiff alleges ownership and authorship in a copyright registration for Architectural Plans that has an effective date of January 28, 2020. (Complaint ¶ 8). Plaintiff's sole allegation of copyright infringement at the hands of GBL is that in July 2019, GBL copied Plaintiff's Architectural Plans to create plans for CRH Contracting, LLC, also a named defendant, to enable CRH to construct houses at 2808 New York Avenue and 1827 Woodside Avenue. (Complaint ¶¶ 34, 39, 58). Specifically, Plaintiff asserts that GBL copied elements of the Architectural Plans in July 2019, namely, the plan and arrangement of the interior second floor bathroom area, linen closet area, HVAC area, the second floor plan, the first floor spatial plan and the layout and placement of kitchen appliances to create the architectural plans for houses located at 2808 New York Avenue and 1827 Woodside Avenue. (Complaint ¶¶ 34-38). Plaintiff, in its Complaint, asserts nothing else related to infringement by GBL; merely that in July 2019 GBL copied plans that were not registered with the U.S. Copyright Office until January 28, 2020.

Plaintiff alleges that in July 2020 it visited the offices of the Baltimore County Building Plans Review and it discovered GBL's 2808 New York Avenue plans which, it alleges, are substantially similar to the Architectural Plans. (Complaint ¶ 24). Plaintiff alleges that the 2808 New York Avenue plans were dated July 2019 and identified GBL as the designer thereof. (Complaint ¶ 26; Ex. H). Plaintiff alleges that the plans filed for the 1827 Woodside Avenue property were the same plans filed for 2808 New York Avenue. (Complaint ¶ 32).

Exhibit H to Plaintiff's Complaint is a copy of the 2808 New York Avenue plans that were filed with the offices of the Baltimore County Building Plans Review. (ECF 1-9). The date of the plans are "7/2019". (ECF 1-9 p. 2). The plans show a "received" date of July 29, 20[1] (ECF 1-9 p. 5) and an "approval" date of August 2019 (Id.). It is logical that if, as Plaintiff's Complaint

---

[1] The "19" in "2019" is cutoff on Exhibit H.

4

alleges, the 2808 New York Avenue plans were dated in July 2019, received by the offices of the Baltimore County Building Plans Review on July 29, 2019, and accepted by the offices of the Baltimore County Building Plans Review in August 2019, that GBL allegedly copied the Architectural Plans on or before August 2019. These plans, therefore, were copied approximately six months prior to the January 28, 2020 effective date of registration of the copyright in the Architectural Plans.

In a failing effort to preserve its claim for statutory damages and attorneys' fees against GBL, Plaintiff claimed in its Opposition to GBL's Motion to Dismiss Plaintiff's Claim for Statutory Damages and Attorney's Fees, or in the Alternative, Motion for Partial Summary Judgment that the timing of the infringement "has not been established." (ECF 20 p. 7). Plaintiff advised the Court that "It is not even established, for example, when Defendant actually first copied the plans, beyond that it was prior to their discovery by Plaintiff in July 2020. …(Plaintiff acknowledges that the plans have '7/2019' written on them, as shown in Complaint Exhibit H, but this does not establish with certainty when the plans were actually copied, much less transferred into Defendant's possession or filed with the county.)" (ECF 20 p. 7).

Plaintiff's assertions that the timing of when the plans were copied or filed with the county "has not been established" is insincere. Its own Exhibit H attached to its Complaint demonstrates that the plans were filed as early as July 2019. (ECF 1-9). Exhibit H makes it abundantly clear when the plans were received and approved by the offices of the Baltimore County Building Plans Review. The dates, however, are well before the date of the registration of the Architectural Plans.

**CONCLUSION**

Section 412 leaves no room for discretion; it mandates no statutory damages or attorney's fees be awarded if the infringement commences before the registration of the copyright. *Johnson v. Jones*, 149 F.3d 494, 505 (6th Cir. 1998), *Derek Andrews, Inc. v. Proof Apparel Corp.,* 528 F.3d 696, 699 (9th Cir. 2008). As to GBL, it alleged a sole act of infringement in July 2019. It supports this allegation with Exhibit H. Plaintiff alleges it registered the copyright in January 2020, months after the alleged, single, act of infringement. Plaintiff is barred by Section 412 from claiming statutory damages under Section 504(c) and attorney's fees under Section 505. The Court should dismiss Plaintiff's claim for statutory damages and attorney's fees asserted in Court I of Plaintiff's Complaint.

Dated: August 31, 2021

                                        */s/ Kaitlin D. Corey*_____
James B. Astrachan, Bar No. 03566
Kaitlin D. Corey, Bar No. 19907
Astrachan Gunst Thomas, P.C.
One South Street, 19th Floor
Baltimore, MD 21202
410-783-3550 (telephone)
410-783-3530 (facsimile)
jastrachan@agtlawyers.com
kcorey@agtlawyers.com