**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

PACESETTER HOMES, INC.,

           Plaintiff,

v.

GBL CUSTOM HOME
DESIGN, INC. *et al.*,

           Defendants.

Case No. 1:20-cv-02478-GLR

## DEFENDANT CRH CONTRACTING LLC'S
## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant CRH Contracting LLC ("CRH"), by its counsel, hereby submits this Answer to the Complaint filed by Plaintiff Pacesetter Homes, Inc. ("Pacesetter"), averring as follows:

### Parties

(1)      The allegations stated in Paragraph 1 of the Complaint relate solely to another party and therefore no response is required by CRH.  To the extent a response by CRH is deemed necessary, CRH lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 1 of the Complaint and therefore denies same.

(2)      The allegations stated in Paragraph 2 of the Complaint relate solely to another party and therefore no response is required by CRH.  To the extent a response by CRH is deemed necessary, CRH lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 2 of the Complaint and therefore denies same.

(3)      Admitted in part, denied in part.  CRH admits that it is a Maryland limited liability company.  CRH admits that it previously maintained a principal place of business at 695 Garden

1

Court in Westminster, Maryland 21157.  CRH's current principal place of business is 1303 Linden Avenue in Baltimore, Maryland 21227.  CRH is updating its filings with the State.

(4)     The allegations stated in Paragraph 4 of the Complaint relate solely to another party and therefore no response is required by CRH.  To the extent a response by CRH is deemed necessary, CRH lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 4 of the Complaint and therefore denies same.  By way of further response, CRH states that the name of Defendant Garceau Realty, Inc. appears to include a typographical error (the defendant's name is listed as "Garceau Reality," not Garceau Realty).

## Jurisdiction and Venue

(5)     The allegations in Paragraph 5 contain legal conclusions to which no responsive pleading is required.  To the extent a response is deemed necessary, CRH denies the allegations.

(6)     The allegations in Paragraph 6 contain legal conclusions to which no responsive pleading is required.  To the extent a response is deemed necessary, CRH denies the allegations.  Further, pursuant to the Court's August 17, 2021 Order (ECF No. 31), Pacesetter's "supplemental" claims under the Maryland Deceptive Trade Practices Act and for unfair competition have been dismissed.  Counts III, IV, VI, and VII of the Complaint were dismissed by the August 17 Order.

(7)     The allegations in Paragraph 7 contain legal conclusions to which no responsive pleading is required.  To the extent a response is deemed necessary, CRH denies the allegations.

## Factual Background

(8)     The allegations in Paragraph 8 contain legal conclusions to which no responsive pleading is required.  To the extent a response is deemed necessary, CRH denies the allegations.  Further, Paragraph 8 (and numerous other paragraphs in the Complaint) use the capitalized term "Architectural Plans," but fails to define it.  Because Pacesetter fails to define the capitalized term

"Architectural Plans," Paragraph 8 (and all other paragraphs using the term) is (and are) vague and insufficiently clear to enable CRH to respond.  Thus, CRH denies the allegations in Paragraph 8 (and all paragraphs using the term) as vague and not susceptible to answer.

(9)     The allegations in Paragraph 9 relate solely to, and purport to summarize, the contents and substance of a document Pacesetter attached to its Complaint.  The document itself is the best evidence of its contents and CRH denies any allegations inconsistent with the document.

(10)     The allegations in Paragraph 10 relate solely to, and purport to summarize, the contents and substance of a document Pacesetter attached to its Complaint.  The document itself is the best evidence of its contents and CRH denies any allegations inconsistent with the document.  Further, CRH lacks knowledge or information sufficient to form a belief as to the truth of any factual allegations contained in Paragraph 10 of the Complaint that are not related to, or based upon, the document referenced therein as Exhibit B to the Complaint and therefore denies same.

(11)     CRH lacks knowledge or information sufficient to form a belief as to the truth of Pacesetter's allegation about when it completed the (undefined capitalized term) "Architectural Plans" for the Charlotte Model.  Further, the use of the undefined capitalized term "Architectural Plans" is indefinite, vague, and not susceptible to an answer, and the allegations herein are thus denied as vague. The remaining allegations in Paragraph 11 contain legal conclusions to which no responsive pleading is required.  To the extent a response is necessary, CRH denies same.

(12)     CRH lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and therefore denies same.

(13)     The allegations in Paragraph 13 relate solely to, and purport to summarize, the contents and substance of a document Pacesetter attached to its Complaint.  The document itself is the best evidence of its contents and CRH denies any allegations inconsistent with the document.

Further, CRH lacks knowledge or information sufficient to form a belief as to the truth of any factual allegations contained in Paragraph 13 of the Complaint that are not related to, or based upon, the document referenced therein as Exhibit C to the Complaint and therefore denies same. Further, the undefined capitalized term "Architectural Plans" is indefinite, vague, and not susceptible to an answer, and the allegations herein are thus denied as vague.

(14)    CRH lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and therefore denies same.

(15)    CRH lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and therefore denies same.

(16)    CRH admits only that it constructed a home located at 2808 New York Avenue in Baltimore, Maryland and that GARCEAU Realty, Inc. ("GARCEAU") was the listing agent for the home located at 2808 New York Avenue.  CRH lacks knowledge or information sufficient to form a belief as to the truth of any other allegations contained in Paragraph 16 of the Complaint and therefore denies same.  Further, to the extent the allegations in Paragraph 16 relate solely to, or are based on, a document Pacesetter attached to its Complaint, CRH states that the document itself is the best evidence of its contents and denies any allegations inconsistent with the document.

(17)    The allegations in Paragraph 17 relate solely to, and purport to summarize, the contents and substance of a document Pacesetter attached to its Complaint.  The document itself is the best evidence of its contents and CRH denies any allegations inconsistent with the document. Further, parts of Paragraph 17 contain legal conclusions (e.g., regarding "substantial similarity" and the use of purported "unauthorized copies" of certain materials) to which no responsive pleading is required.  To the extent a response is deemed necessary, CRH denies the allegations. By way of further response, CRH notes that in Paragraph 17 floor plan drawings and photographs

are stated to be in addition to Architectural Plans ("and, additionally"), while in Paragraph 13, Pacesetter alleges that the MLS listing "showed the Architectural Plans *including*" floor plan drawings and photographs of rooms (emphasis added.)   It cannot be both, and the direct inconsistency creates further confusion for the undefined term "Architectural Plans," which is indefinite, vague and not susceptible of an answer, and the allegations herein are denied as vague.

(18)     CRH lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and therefore denies same.  Further, to the extent the allegations in Paragraph 18 relate solely to, are based on, or purport to summarize or incorporate a document Pacesetter attached to its Complaint, CRH states that the document itself is the best evidence of its contents and denies any allegations inconsistent with the document.

(19)     The allegations in Paragraph 19 relate solely to, and purport to summarize, the contents and substance of a document Pacesetter attached to its Complaint.  The document itself is the best evidence of its contents and CRH denies any allegations inconsistent with the document. Further, parts of Paragraph 19 contain legal conclusions (e.g., regarding "substantial similarity" and the use of purported "unauthorized copies" of certain materials) to which no responsive pleading is required.  To the extent a response is deemed necessary, CRH denies the allegations. Again, the allegation in Paragraph 19 distinguishes, through the use of "and," "Architectural Plans" from "floor plan drawings and photographs of the interior rooms," yet nothing even remotely describable as "plans" is shown in Exhibit E.  This confusion suffuses the Complaint. Further, the undefined capitalized term "Architectural Plans" is indefinite, vague and not susceptible to an answer, and the allegations herein are thus denied as vague.

(20)     CRH lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and therefore denies same.  Further, to

the extent the allegations in Paragraph 20 relate solely to, are based on, or purport to summarize or incorporate a document Pacesetter attached to its Complaint, CRH states that the document itself is the best evidence of its contents and denies any allegations inconsistent with the document.

(21)      The allegations in Paragraph 21 relate solely to, and purport to summarize, the contents and substance of a document Pacesetter attached to its Complaint.  The document itself is the best evidence of its contents and CRH denies any allegations inconsistent with the document. Further, parts of Paragraph 21 contain legal conclusions (e.g., regarding "substantial similarity" and the use of purported "unauthorized copies" of certain materials) to which no responsive pleading is required.  To the extent a response is deemed necessary, CRH denies the allegations. Again, the allegation in Paragraph 21 distinguishes, through the use of "and," "Architectural Plans" from "floor plan drawings and photographs of the interior rooms," yet nothing even remotely describable as "plans" is shown in Exhibit F.  This confusion suffuses the Complaint. Further, the undefined capitalized term "Architectural Plans" is indefinite, vague, and not susceptible to an answer, and the allegations herein are thus denied as vague.

(22)      CRH lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and therefore denies same.  Further, to the extent the allegations in Paragraph 22 relate solely to, are based on, or purport to summarize or incorporate a document Pacesetter attached to its Complaint, CRH states that the document itself is the best evidence of its contents and denies any allegations inconsistent with the document.

(23)      CRH lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and therefore denies same.

(24)      CRH lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and therefore denies same.

(25)     The allegations in Paragraph 25 relate solely to, and purport to summarize, the contents and substance of a document Pacesetter attached to its Complaint.  The document itself is the best evidence of its contents and CRH denies any allegations inconsistent with the document. Further, CRH lacks knowledge or information sufficient to form a belief as to the truth of any factual allegations contained in Paragraph 25 of the Complaint that are not related to, or based upon, the document referenced therein as Exhibit H to the Complaint and therefore denies same.

(26)     CRH lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and therefore denies same.  Further, to the extent the allegations in Paragraph 26 relate solely to, are based on, or purport to summarize or incorporate a document Pacesetter attached to its Complaint, CRH states that the document itself is the best evidence of its contents and denies any allegations inconsistent with the document.

(27)     The allegations in Paragraph 27 relate solely to, and purport to summarize, the contents and substance of documents Pacesetter attached to its Complaint.  The documents are the best evidence of their contents and CRH denies any allegations inconsistent with them. Further, parts of Paragraph 27 contain legal conclusions (e.g., regarding "substantial similarity") to which no responsive pleading is required.  To the extent a response is necessary, CRH denies same. Further, the undefined capitalized term "Architectural Plans" is indefinite, vague, and not susceptible to an answer, and the allegations herein are thus denied as vague.

(28)     CRH lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and therefore denies same.  Further, to the extent the allegations in Paragraph 28 relate solely to, are based on, or purport to summarize or incorporate a document Pacesetter attached to its Complaint, CRH states that the document itself is the best evidence of its contents and denies any allegations inconsistent with the document.

(29)     The allegations in Paragraph 29 relate solely to, and purport to summarize, the contents and substance of a document Pacesetter attached to its Complaint.  The document itself is the best evidence of its contents and CRH denies any allegations inconsistent with the document.

(30)     The allegations in Paragraph 30 relate solely to, and purport to summarize, the contents and substance of documents Pacesetter attached to its Complaint.  The documents are the best evidence of their contents and CRH denies any allegations inconsistent with them. Further, parts of Paragraph 30 contain legal conclusions (e.g., regarding "substantial similarity") to which no responsive pleading is required.  To the extent a response is necessary, CRH denies same.

(31)     CRH lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and therefore denies same.

(32)     Admitted in part, denied in part.  CRH admits that it used the same plans for construction of the two homes that were built and are complained of at Woodside and New York Avenues, and admits that the plans were requested to be made permanent so that they could be used without further review and approval.   The plans were made permanent for purposes of efficiency and expedience.  Pacesetter's admission that the same plans were employed for both houses constructed that are complained of as having infringed Pacesetter's claimed copyright is definitive evidence that the claimed infringement was continuing as a matter of law.

(33)     The allegations in Paragraph 33 relate solely to, and purport to summarize, the contents and substance of a document Pacesetter attached to its Complaint.  The document itself is the best evidence of its contents and CRH denies any allegations inconsistent with the document or with the existing topography in the areas of Baltimore described by Pacesetter in Paragraph 33.

(34)     The allegations in Paragraph 34 are not addressed to CRH, are not made against CRH, and do not relate to CRH and instead relate to another party, Defendant GBL Custom Home

Design, Inc. ("GBL").  Paragraph 34 also states legal conclusions.  As throughout the Complaint, "Architectural Plans" is a defined or capitalized term that is not, in fact, defined, and is, thus, indefinite and vague and not susceptible to answer.  Accordingly, no response from CRH is required.  To the extent a response is necessary, CRH lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 34 and denies same.

(35)     The allegations in Paragraph 35 are not addressed to CRH, are not made against CRH, and do not relate to CRH and instead relate to another party (GBL), so that no response from CRH is required.  To the extent a response is deemed necessary, CRH denies the allegations in Paragraph 35.  Further, the allegations in Paragraph 35 relate solely to, and purport to summarize, the contents and substance of documents Pacesetter attached to its Complaint.  The documents are the best evidence of their contents and CRH denies any allegations inconsistent with them.

(36)     The allegations in Paragraph 36 are not addressed to CRH, are not made against CRH, and do not relate to CRH and instead relate to another party (GBL), so that no response from CRH is required.  To the extent a response is deemed necessary, CRH denies the allegations in Paragraph 36.  As with the undefined, and therefore indefinite and vague, capitalized term "Architectural Plans," Pacesetter introduces another undefined, and therefore indefinite and vague, capitalized term—"Spatial Plan"—and the allegations in Paragraph 36 are denied for this reason, as well.  The phrase "almost the entire" is also vague, and the allegations herein are denied for this reason as well.  Further, the allegations in Paragraph 36 relate solely to, and purport to summarize, the contents and substance of documents Pacesetter attached to its Complaint.  The documents are the best evidence of their contents and CRH denies any allegations inconsistent with them.

(37)     The allegations in Paragraph 37 are not addressed to CRH, are not made against CRH, and do not relate to CRH and instead relate to another party (GBL), so that no response from

CRH is required.  To the extent a response is deemed necessary, CRH denies the allegations in Paragraph 37.  Pacesetter once again employs the undefined, and therefore indefinite and vague, capitalized term "Spatial Plan," and the allegations in Paragraph 37 are denied for this reason, as well.  Further, the allegations in Paragraph 37 relate solely to, and purport to summarize, the contents and substance of documents Pacesetter attached to its Complaint.  The documents are the best evidence of their contents and CRH denies any allegations inconsistent with them.

(38)    The allegations in Paragraph 38 are not addressed to CRH, are not made against CRH, and do not relate to CRH and instead relate to another party (GBL), so that no response from CRH is required.  To the extent a response is deemed necessary, CRH denies the allegations in Paragraph 38.  Further, the allegations in Paragraph 38 relate solely to, and purport to summarize, the contents and substance of documents Pacesetter attached to its Complaint.  The documents are the best evidence of their contents and CRH denies any allegations inconsistent with them.

(39)    Paragraph 39 contains legal conclusions regarding alleged copyright protection to which no responsive pleading is required.  Further, the undefined capitalized term "Architectural Plans" is indefinite and vague and not susceptible to an answer, and the allegations herein are denied as vague.  As to the remaining allegations in Paragraph 39, and despite the vagueness presented, admitted in part, denied in part.  CRH denies that it saw or reviewed any filings made by Pacesetter or its agents with any office of Baltimore County.  CRH admits that it paid GBL for plans GBL provided for construction of 2808 New York Avenue and 1827 Woodside Avenue.

(40)    In response to Paragraph 40, CRH admits only that it submitted plans obtained from GBL for 2808 New York Avenue to Baltimore County to obtain a building permit.  CRH denies any remaining allegations in Paragraph 40, including legal conclusions, and denies any liability to

Pacesetter.   Further, Paragraph 40 uses the undefined, and insufficiently definite, term "Architectural Plans."  On the basis of vagueness, CRH denies the allegations in Paragraph 40.

(41)      In response to Paragraph 41, CRH admits only that it understands that the house at 2808 New York Avenue was listed on the MLS service.  CRH denies any remaining allegations in Paragraph 41, including any legal conclusions, and denies any liability to Pacesetter.  Further, Paragraph 41 uses the undefined, and thus insufficiently definite, phrase "Architectural Plans." On the additional basis of vagueness, CRH denies the allegations in Paragraph 41.  Further, the allegations in Paragraph 41 appear to rely on or relate solely to, and purport to summarize, the contents and substance of certain documents Pacesetter attached to its Complaint.  The documents are the best evidence of their contents and CRH denies any allegations inconsistent with them.

(42)      In response to Paragraph 42, CRH admits only that it understands that the MLS listing for 2808 New York Avenue included various photographs at different times.  CRH denies any remaining allegations in Paragraph 42, including any legal conclusions, and denies any liability to Pacesetter.  Further, the allegations in Paragraph 42 appear to relate solely to, and purport to summarize, the contents and substance of documents Pacesetter attached to its Complaint.  The documents are the best evidence of their contents and CRH denies any allegations inconsistent with them, including any allegations inconsistent with the document's timestamps.

(43)      In response to Paragraph 43, CRH admits only that it submitted plans for 2808 New York Avenue to Baltimore County to obtain a building permit.  CRH denies any remaining allegations in Paragraph 43, including any legal conclusions, and denies any liability to Pacesetter. Further, Paragraph 43 uses the undefined, and thus insufficiently definite, phrase "Architectural Plans."  On the additional basis of vagueness, CRH denies the allegations in Paragraph 43.

(44)	In response to Paragraph 44, CRH admits only that it understands that a possible configuration for a house at 5415 West North Avenue was listed on the MLS service.  CRH denies any remaining allegations in Paragraph 44, including any legal conclusions, and denies any liability to Pacesetter.  Further, Paragraph 44 uses the undefined, and thus insufficiently definite, phrase "Architectural Plans."  On the additional basis of vagueness, CRH denies the allegations in Paragraph 44.  By way of further response, CRH further states that the house ultimately built at 5415 West North Avenue was a split-foyer home, not a salt-box, and was not built using the filed plans identified as allegedly infringing documents by Pacesetter in this Complaint.

(45)	In response to Paragraph 45, CRH admits only that it understands that an MLS listing for 5415 West North Avenue included various photographs at different times.  CRH denies any remaining allegations in Paragraph 45, including any legal conclusions, and denies any liability to Pacesetter.  Further, the allegations in Paragraph 45 appear to relate solely to, and purport to summarize, the contents and substance of documents Pacesetter attached to its Complaint.  The documents are the best evidence of their contents and CRH denies any allegations inconsistent with them. By way of further response, CRH further states that the house built at 5415 West North Avenue was a split-foyer home, not a salt-box.

(46)	In response to Paragraph 46, CRH admits only that it understands that a possible configuration for a house at 5411 West North Avenue was listed on the MLS service.  CRH denies any remaining allegations in Paragraph 46, including any legal conclusions, and denies any liability to Pacesetter.  Further, Paragraph 46 uses the undefined, and thus insufficiently definite, phrase "Architectural Plans."  On the additional basis of vagueness, CRH denies the allegations in Paragraph 46.  By way of further response, CRH further states that the house built at 5411 West North Avenue was a split-foyer home, not a salt-box.

(47)      In response to Paragraph 47, CRH admits only that it understands that an MLS listing for 5411 West North Avenue included various photographs at different times.  CRH denies any remaining allegations in Paragraph 47, including any legal conclusions, and denies any liability to Pacesetter.  Further, the allegations in Paragraph 47 appear to relate solely to, and purport to summarize, the contents and substance of documents Pacesetter attached to its Complaint.  The documents are the best evidence of their contents and CRH denies any allegations inconsistent with them. By way of further response, CRH further states that the house built at 5411 West North Avenue was a split-foyer home, not a salt-box.

(48)      In response to Paragraph 48, CRH admits only that it understands that a possible configuration for a house at 1827 Woodside Avenue in Lansdowne was listed on the MLS service.  CRH denies any remaining allegations in Paragraph 48, including any legal conclusions, and denies any liability to Pacesetter.  Further, the allegations in Paragraph 48 appear to relate solely to, and purport to summarize, the contents and substance of documents Pacesetter attached to its Complaint.   The documents are the best evidence of their contents and CRH denies any inconsistent allegations.

(49)      Paragraph 49 contains legal conclusions regarding alleged copyright protection to which no responsive pleading is required.   As to the remaining allegations in Paragraph 49, admitted in part, denied in part.  CRH admits that the plans it submitted to Baltimore County to obtain a building permit for 1827 Woodside Avenue were the plans CRH had previously requested be made permanent in connection with obtaining a building permit for 2808 New York Avenue.  CRH thus admits that the same plans were used to obtain building permits for the Woodside and New York Avenue homes.  CRH denies any remaining allegations in Paragraph 49, including that any plans filed by CRH with Baltimore County are protected by a copyright owned by Pacesetter.

(50)     The allegations in Paragraph 50 are not addressed to CRH, are not made against CRH, and do not relate to CRH and instead relate to another party (GARCEAU), so that no response from CRH is required.  To the extent a response is necessary, CRH denies the allegations in Paragraph 50.  Further, the allegations in Paragraph 50 relate solely to, and purport to summarize, the contents and substance of documents Pacesetter attached to its Complaint.  The documents are the best evidence of their contents and CRH denies any inconsistent allegations.  Further, the undefined capitalized term "Architectural Plans" is indefinite, vague and not susceptible to an answer, and the allegations herein are thus denied as vague.

(51)     CRH denies the allegations in Paragraph 51, other than to admit that an MLS listing was apparently filed as set forth in Exhibit E.  Further, Paragraph 51 uses the undefined, and thus insufficiently definite, term "Architectural Plans."  On the additional basis of vagueness, CRH denies the allegations.  Further, the allegations in Paragraph 51 relate solely to, and purport to summarize, the contents and substance of documents Pacesetter attached to its Complaint.  The documents are the best evidence of their contents and CRH denies any inconsistent allegations.

(52)     CRH denies the allegations in Paragraph 52, other than to admit that an MLS listing was apparently filed as set forth in Exhibit F.  Further, Paragraph 52 uses the undefined, and thus insufficiently definite term "Architectural Plans."  On the additional basis of vagueness, CRH denies the allegations.  Further, the allegations in Paragraph 52 relate solely to, and purport to summarize, the contents and substance of documents Pacesetter attached to its Complaint.  The documents are the best evidence of their contents and CRH denies any inconsistent allegations.

(53)     CRH denies the allegations in Paragraph 53 other than to admit an MLS listing was apparently made as set forth in Exhibit C. Further, Paragraph 53 uses the undefined, and thus insufficiently definite term "Architectural Plans."  On the additional basis of vagueness, CRH

denies the allegations.   Further, the allegations in Paragraph 53 relate solely to, and purport to summarize, the contents and substance of documents Pacesetter attached to its Complaint.   The documents are the best evidence of their contents and CRH denies any inconsistent allegations.

**Defendant GBL Copyright Infringement:**

(54)-(59)   The allegations in Paragraphs 54 through 59 are not addressed to CRH, are not made against CRH, and do not relate to CRH and instead relate to another party (GBL). Accordingly, no response from CRH is required.   To the extent a response by CRH is deemed necessary, CRH lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in these paragraphs and therefore denies same.   CRH denies that it acted "in cooperation" with GBL to infringe any copyright allegedly held by Pacesetter.   Further, throughout these paragraphs Pacesetter uses the undefined, and therefore indefinite and vague, capitalized term "Architectural Plans," and therefore denies these allegations for this reason.

**Defendant CRH Copyright Infringement:**

(60)        In response to Paragraph 60, CRH admits only that it built the house located at 2808 New York Avenue.   CRH denies any remaining allegations, including any legal conclusions, and denies any liability to Pacesetter.   CRH expressly denies that it obtained, or saw, any filings by Pacesetter with Baltimore County before building the house at 2808 New York Avenue.   CRH denies that it copied any architectural plans.   CRH also denies the allegations in Paragraph 60 as vague because they use the undefined, and insufficiently definite, phrase "Architectural Plans."

(61)        In response to Paragraph 61, CRH admits only that it understands that the house at 2808 New York Avenue was listed on the MLS service.   CRH denies any remaining allegations in Paragraph 61, including any legal conclusions, and denies any liability to Pacesetter.   Further,

Paragraph 61 uses the undefined, and thus insufficiently definite, phrases "Architectural Plans" and "Spatial Plans." On the additional basis of vagueness, CRH denies the allegations.

(62)     In response to Paragraph 62, CRH admits only that it understands that the MLS listing for 2808 New York Avenue included various photographs at different times.  CRH denies any remaining allegations in Paragraph 62, including any legal conclusions, and denies any liability to Pacesetter.  Further, the allegations in Paragraph 62 appear to relate solely to, and purport to summarize, the contents and substance of documents Pacesetter attached to its Complaint.  The documents are the best evidence of their contents and CRH denies any allegations inconsistent with them, including any allegations inconsistent with the document's timestamps.

(63)     In response to Paragraph 63, CRH admits only that it understands that a possible configuration for a house at 5415 West North Avenue was listed on the MLS service.  CRH denies any remaining allegations in Paragraph 63, including any legal conclusions, and denies any liability to Pacesetter.  Further, Paragraph 63 uses the undefined, and thus insufficiently definite, phrases "Architectural Plans" and "Spatial Plans."  On the additional basis of vagueness, CRH denies the allegations.  By way of further response, CRH further states that the house ultimately built at 5415 West North Avenue was a split-foyer home, not a salt-box.

(64)     In response to Paragraph 64, CRH admits only that it understands that the MLS listing for 5415 West North Avenue included various photographs at different times.  CRH denies any remaining allegations in Paragraph 64, including any legal conclusions, and denies any liability to Pacesetter.  Further, the allegations in Paragraph 64 appear to relate solely to, and purport to summarize, the contents and substance of documents Pacesetter attached to its Complaint.  The documents are the best evidence of their contents and CRH denies any allegations

inconsistent with them.  By way of further response, CRH further states that the house built at 5415 West North Avenue was a split-foyer home, not a salt-box.

(65)        In response to Paragraph 65, CRH admits only that it understands that a possible configuration for a house at 5411 West North Avenue was listed on the MLS service.  CRH denies any remaining allegations in Paragraph 65, including any legal conclusions, and denies any liability to Pacesetter.  Further, Paragraph 65 uses the undefined, and thus insufficiently definite, phrases "Architectural Plans" and "Spatial Plans."  On the additional basis of vagueness, CRH denies the allegations.  By way of further response, CRH further states that the house ultimately built at 5411 West North Avenue was a split-foyer home, not a salt-box.

(66)        In response to Paragraph 66, CRH admits only that it understands that an MLS listing for 5411 West North Avenue included various photographs at different times.  CRH denies any remaining allegations in Paragraph 66, including any legal conclusions, and denies any liability to Pacesetter.  Further, the allegations in Paragraph 66 appear to relate solely to, and purport to summarize, the contents and substance of documents Pacesetter attached to its Complaint.  The documents are the best evidence of their contents and CRH denies any allegations inconsistent with them.  By way of further response, CRH further states that the house built at 5411 West North Avenue was a split-foyer home, not a salt-box.

(67)        Paragraph 67 contains legal conclusions.  Further, Paragraph 67 uses the undefined, and thus insufficiently definite, phrase "Architectural Plans."  On the bases of vagueness and use of legal conclusions, CRH denies the allegations in Paragraph 67.  For these reasons, no response by CRH is required.  To the extent a response is deemed necessary, admitted in part, denied in part.  CRH denies that it copied or saw any filings by Pacesetter or its agents with Baltimore County before constructing 2808 New York Avenue or obtaining a building permit for that

property.  CRH admits that, for purposes of efficiency and expedience, it applied to have its 2808 New York Avenue plans made permanent.  CRH denies any remaining allegations in Paragraph 67, including any legal conclusions, and denies any liability to Pacesetter.

(68)     Paragraph 68 contains legal conclusions.  Further, Paragraph 68 uses the undefined, and thus insufficiently definite, phrase "Architectural Plans."  On the bases of vagueness and use of legal conclusions, CRH thus denies the allegations in Paragraph 68.  For these reasons, no response by CRH is required.  To the extent a response is deemed necessary, admitted in part, denied in part.  CRH admits that the plans it submitted to Baltimore County to obtain a building permit for 1827 Woodside Avenue were the plans CRH had previously requested be made permanent in connection with obtaining a building permit for 2808 New York Avenue.  CRH thus admits that the same plans were used to obtain building permits for the Woodside and New York Avenue homes.  CRH admits it constructed a house at 1827 Woodside Avenue in Lansdowne and that construction is complete.  CRH denies any remaining allegations, including legal conclusions, denies liability to Pacesetter, and denies that it copied or even saw any filings made by Pacesetter or its agents with Baltimore County before constructing the Woodside Avenue house.

(69)     In response to Paragraph 69, CRH admits only that it understands that the planned house at 1827 Woodside Avenue in Lansdowne was listed on the MLS service.  CRH denies any remaining allegations in Paragraph 69, including any legal conclusions, and denies any liability to Pacesetter.  Further, Paragraph 69 uses the undefined, and thus insufficiently definite, phrase "Architectural Plans."  On the additional basis of vagueness, CRH denies the allegations.

(70)     Paragraph 70 states a legal conclusion to which no response by CRH is necessary.  Further, the allegations in Paragraph 70 relate solely to, and purport to summarize, the contents and substance of a document Pacesetter attached to its Complaint.  The document itself is the best

evidence of its contents and CRH denies any allegations inconsistent with the document. Paragraph 70 also uses the undefined, and thus insufficiently definite, phrase "Architectural Plans." On the additional basis of vagueness, CRH denies the allegations in Paragraph 70. To the extent any further response by CRH is deemed necessary, CRH lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations regarding use of the MLS service by realty companies and the realty industry, as CRH is not a realty company. CRH denies any remaining allegations of fact that might possibly be construed to be in Paragraph 70.

(71)     Paragraph 71 states a legal conclusion to which no response by CRH is necessary. Further, the allegations in Paragraph 71 relate solely to, and purport to summarize, the contents and substance of a document Pacesetter attached to its Complaint. The document itself is the best evidence of its contents and CRH denies any allegations inconsistent with same. Paragraph 71 also uses the undefined, and thus insufficiently definite, phrases "Architectural Plans" and "Spatial Plans." On the additional basis of vagueness, CRH denies the allegations in Paragraph 71. To the extent a further response by CRH is deemed necessary, CRH denies the stated allegations. CRH denies that it reviewed any filings with Baltimore County made by Pacesetter or its agents.

(72)     Paragraph 72 states a legal conclusion to which no response by CRH is necessary. Paragraph 72 also uses the undefined, and thus insufficiently definite, phrase "Architectural Plans," and the allegations are thus denied as vague. To the extent a further response by CRH is deemed necessary, CRH is unaware of the availability of documents at the offices of Baltimore County Building Plans Review, and, therefore, denies the allegations in Paragraph 72. CRH denies any remaining allegations of fact that may be construed to be in Paragraph 72. Further, CRH denies that it reviewed any Pacesetter documents filed with Baltimore County.

(73)      Paragraph 73 states a legal conclusion to which no response is necessary.  Further, the allegations in Paragraph 73 relate to the contents and substance of a document Pacesetter attached to its Complaint.  The document itself is the best evidence of its contents and CRH denies any allegations inconsistent with same.  Paragraph 73 also uses the undefined, and insufficiently definite, phrase "Architectural Plans, and the allegations are denied as vague. To the extent further response by CRH is necessary, CRH admits only that it has worked with GBL.  CRH denies any remaining allegations that may be construed to be in Paragraph 73 and denies that it obtained any filings made by Pacesetter or its agents with Baltimore County before constructing any house.

(74)      Paragraph 74 states a legal conclusion to which no response by CRH is necessary. Further, the allegations in Paragraph 74 relate solely to, and purport to summarize, the contents and substance of a document Pacesetter attached to its Complaint.  The document itself is the best evidence of its contents and CRH denies any allegations inconsistent with the document or with the existing topography in the areas of Baltimore described by Pacesetter in Paragraph 74. Paragraph 74 also uses the undefined, and insufficiently definite, phrase "Architectural Plans, and the allegations are denied as vague.  To the extent further response is necessary, CRH denies the stated allegations.  CRH denies that it obtained Pacesetter's filings with Baltimore County.

**Defendant CRH Unfair Competition and Trade Practices:**

(75)      As evidenced both by their substance and by the heading attached by Pacesetter to Paragraphs 75 through and including 80, these allegations are made in service of and to attempt to establish Count III of the Complaint, which Count was dismissed by Court Order dated August 17, 2021 (ECF No. 31).  For this reason, no pleading response by CRH to these paragraphs is required. To the extent that any response is required, Paragraph 75 states a legal conclusion to which no

response by CRH is necessary.  To the extent a response by CRH is deemed necessary, CRH admits that Pacesetter and CRH both construct homes in the Baltimore, Maryland area.

(76)     The allegations stated in Paragraph 76 of the Complaint relate solely to another party and therefore no response is required by CRH.  To the extent a response by CRH is deemed necessary, CRH lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 76 and therefore denies same and demands strict proof.

(77)     Denied.

(78)     Denied.  Further, the use of the undefined term "Architectural Plans" renders the allegations in Paragraph 78 not susceptible to answer, and they are denied for that further reason.

(79)     Denied. Further, the use of the undefined term "Architectural Plans" renders the allegations in Paragraph 79 vague and not susceptible to answer, and they are denied for that reason. In addition, the allegations in Paragraph 79 also relate to the contents and substance of a document Pacesetter attached to its Complaint (Exhibit G).  The document itself is the best evidence of its contents and CRH denies any allegations that are inconsistent with that document.

(80)     Denied.  Further, the use of the undefined term "Architectural Plans" renders the allegations in Paragraph 80 not susceptible to answer, and they are denied for that further reason.

**Defendant GARCEAU Copyright Infringement:**

(81)-(88)   The allegations in Paragraphs 81 through 88 are not addressed to CRH, are not made against CRH, and do not relate to CRH and instead relate to another party (GARCEAU). Accordingly, no response from CRH is required.  To the extent a response by CRH is deemed necessary, CRH lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in these paragraphs and therefore denies same.  CRH denies that it acted "in cooperation" with GARCEAU to infringe any copyright allegedly held by Pacesetter.

Further, insofar as Paragraphs 81 to 88, directed to GARCEAU, use the undefined, capitalized terms "Architectural Plans" or "Spatial Plans" or both, they are vague and insufficiently definite, and are not susceptible of an answer, and are denied for that additional reason as well.

## COUNT I
### Federal Copyright Infringement (17 U.S.C. § 101 et seq.) Against Defendant GBL

(89)      In response to Paragraph 89 of Pacesetter's Complaint, CRH reasserts and incorporates by reference all of the answers and responses contained in Paragraphs 1 through 88 of this Answer, with the same force and effect as though they are set forth at length herein.

(90)-(99)   Count I of Pacesetter's Complaint is not addressed to CRH, is not made against CRH, and does not relate to CRH.  It relates instead to another party (GBL).  Further, Count I states legal conclusions to which no response is necessary.  For these reasons, no response by CRH is required.  To the extent a response is deemed necessary, CRH denies the allegations in Count I.

## COUNT II
### Federal Copyright Infringement (17 U.S.C. § 101 et seq.) Against Defendant CRH

(100)      In response to Paragraph 100 of Pacesetter's Complaint, CRH reasserts and incorporates by reference all of the answers and responses contained in Paragraphs 1 through 99 of this Answer, with the same force and effect as though they are set forth at length herein.

(101)      Paragraph 101 states legal conclusions to which no response by CRH is necessary. Further, Paragraph 101 uses the undefined, and thus vague and insufficiently definite, phrase "Architectural Plans."  For these reasons, CRH denies the allegations stated in Paragraph 101.

(102)      Denied.

(103)      Denied.

(104)      Denied.

(105)      Denied.

(106)      Denied.

(107)      Denied.

(108)      Denied.

(109)      Denied.

(110)      Denied.

(111)      Denied.

## COUNT III
### Statutory Unfair and Deceptive Trade Practices
### (MD Comm L Code § 13-301 et seq.) Against Defendant CRH

(112)      In response to Paragraph 112 of Pacesetter's Complaint, CRH reasserts and incorporates by reference all of the answers and responses contained in Paragraphs 1 through 111 of this Answer, with the same force and effect as though they are set forth at length herein.

(113)-(115) Count III of Pacesetter's Complaint was dismissed by Court Order dated August 17, 2021 (ECF No. 31).  No pleading response by CRH to this dismissed Count is required.

## COUNT IV
### Unfair Competition Against Defendant CRH

(116)      In response to Paragraph 116 of Pacesetter's Complaint, CRH reasserts and incorporates by reference all of the answers and responses contained in Paragraphs 1 through 115 of this Answer, with the same force and effect as though they are set forth at length herein.

(117)-(118) Count IV of Pacesetter's Complaint was dismissed by Court Order dated August 17, 2021 (ECF No. 31).  No pleading response by CRH to this dismissed Count is required.

**COUNT V**
**Federal Copyright Infringement (17 U.S.C. § 101 etc.) Against Defendant GARCEAU**

(119)      In response to Paragraph 119 of Pacesetter's Complaint, CRH reasserts and incorporates by reference all of the answers and responses contained in Paragraphs 1 through 118 of this Answer, with the same force and effect as though they are set forth at length herein.

(120)-(129) Count V of Pacesetter's Complaint is not addressed to CRH, is not made against CRH, and does not relate to CRH.  It relates instead to another party (GARCEAU).  Further, Count V states legal conclusions to which no response is necessary.  For these reasons, no response by CRH is required.  To the extent a response is deemed necessary, CRH denies the allegations.

**COUNT VI**
**Statutory Unfair and Deceptive Trade Practices**
**(MD Comm L Code § 13-301 et seq.) Against Defendant GARCEAU**

(130)      In response to Paragraph 130 of Pacesetter's Complaint, CRH reasserts and incorporates by reference all of the answers and responses contained in Paragraphs 1 through 129 of this Answer, with the same force and effect as though they are set forth at length herein.

(131)-(133) Count VI of Pacesetter's Complaint is not addressed to CRH, is not made against CRH, and does not relate to CRH.  It relates instead to another party (GARCEAU).  Further, Count VI of Pacesetter's Complaint was dismissed by Court Order dated August 17, 2021 (ECF No. 31). No pleading response by CRH to this dismissed Count, made against another party, is required.

**COUNT VII**
**Unfair Competition Against Defendant GARCEAU**

(134)      In response to Paragraph 134 of Pacesetter's Complaint, CRH reasserts and incorporates by reference all of the answers and responses contained in Paragraphs 1 through 133 of this Answer, with the same force and effect as though they are set forth at length herein.

(135)-(136) Count VII of Pacesetter's Complaint is not addressed to CRH, is not made against CRH, and does not relate to CRH.  It relates instead to another party (GARCEAU).  Further, Count VII of Pacesetter's Complaint was dismissed by Court Order dated August 17, 2021 (ECF No. 31).  No pleading response by CRH to this dismissed Count, made against another party, is required.

## GENERAL DENIAL OF LIABILITY

CRH generally denies liability to Pacesetter or to any other party in this case.  CRH denies all allegations that are not expressly admitted in its Answer to Pacesetter's Complaint.  CRH did not commit the acts of copyright infringement alleged and is not liable to Pacesetter, or anyone.

## AFFIRMATIVE DEFENSES

### First Defense

Pacesetter's Complaint fails to state a claim against CRH on which relief can be granted.

### Second Defense

Pacesetter is not entitled to statutory damages or attorneys' fees under the Copyright Act, or otherwise.

### Third Defense

All alleged events of copyright infringement claimed by Pacesetter are part of a single continuing alleged infringement that began before copyright registration, which bars Pacesetter from recovering statutory damages and attorneys' fees under Section 412 of the Copyright Act.

### Fourth Defense

Pacesetter's claims against CRH are barred because the allegedly copied items lack sufficient originality, and are too basic and unoriginal, to be protected under applicable copyright law.

<u>Fifth Defense</u>

Pacesetter's claims are barred because any allegedly copied items or works (if any) do not represent or constitute subject matter that is properly protectable under applicable copyright law.

<u>Sixth Defense</u>

Pacesetter's claims are barred because any portion of Pacesetter's allegedly copyrighted drawings or plans that is alleged to be found in infringing works created by Defendants (if any exist) is not subject matter that is properly protectable under applicable copyright law.

<u>Seventh Defense</u>

Pacesetter's claims are barred because the architectural works, drawings, and/or plans for the subject CRH properties are not substantially similar to Pacesetter's allegedly copyrighted works.

<u>Eighth Defense</u>

Pacesetter's claims are barred because any portion of Pacesetter's allegedly copyrighted works purportedly found in any allegedly infringing works created by Defendants (if any) are only *de minimus* in nature and are therefore permissible under applicable copyright law as a result.

<u>Ninth Defense</u>

Pacesetter's claims may be barred, in whole or in part, on the grounds that the allegedly copied items (if any) constitute utilitarian articles that are not protected under applicable copyright law.

<u>Tenth Defense</u>

CRH did not infringe any copyright owned by Pacesetter, including any alleged copyright in architectural works, plans, drawings, and/or photographs, and denies all liability to Pacesetter.

<u>Eleventh Defense</u>

Pacesetter's claims are barred because CRH did not improperly copy or use copyrighted items.

### Twelfth Defense

Pacesetter's claims may be barred by the doctrines of estoppel, waiver, and unclean hands.

### Thirteenth Defense

Pacesetter may have abandoned or forfeited its rights and/or failed to enforce its copyright.

### Fourteenth Defense

Pacesetter may have placed the subject work in the public domain.

### Fifteenth Defense

If Pacesetter was damaged as alleged in the Complaint (which CRH denies), such damage (if any is proven) was due to the actions or infringement of others for whom CRH is not responsible.

### Sixteenth Defense

Pacesetter's claims are barred, in whole or in part, because Pacesetter's registrations may be technically defective and/or invalid due to errors therein and therefore void and unenforceable.

### Seventeenth Defense

CRH has not engaged in any knowing, willful, or intentional acts of copyright infringement.

### Eighteenth Defense

CRH has not willfully infringed any copyright owned by Pacesetter.

### Nineteenth Defense

Pacesetter's alleged damages (all of which CRH denies) are speculative and not recoverable.

### Twentieth Defense

Pacesetter's claims are barred, in whole or in part, due to CRH's good faith and innocent intent.

### Twenty-First Defense

Pacesetter's claims are barred, in whole or in part, by Pacesetter's failure to mitigate damages.

Twenty-Second Defense

Pacesetter is not entitled to damages for its claims for copyright infringement because it may not have complied with applicable statutory requirements or formalities under copyright law.

Twenty-Third Defense

Pacesetter's claims are barred, in whole or in part, by the doctrine of fair use.

Twenty-Fourth Defense

Pacesetter suffered no damages and CRH made no profits as a result of, or that were caused by, any alleged acts of infringement (and all such allegations of acts of infringement are denied).

Twenty-Fifth Defense

CRH invokes each and every defense available to it under the Federal Rules of Civil Procedure, the federal Copyright Act, and any other applicable law, statute, regulation, case, or rule.

Twenty-Sixth Defense

CRH incorporates all defenses asserted by any other co-defendants who have been, or may be in the future, named by Pacesetter that are not otherwise specifically set forth in this Answer.

Twenty-Seventh Defense

CRH hereby gives notice that it intends to rely upon any other defenses that may become available or appear during the discovery proceedings in this case and hereby reserves its right to amend its Answer to the Complaint to assert any such defenses if and when they arise.

WHEREFORE, CRH prays for relief and judgment as follows:

A.       That Pacesetter take nothing by reason of its Complaint;

B.       That no Order be entered in this action to the prejudice of CRH and its interests;

C.       That no money or other judgment be entered against CRH in this action;

D.       That the Court require strict proof of all of Pacesetter's allegations;

E.        For attorneys' fees and costs as allowed by applicable law; and

E.        For such further and other relief as the Court deems proper.

Respectfully submitted,

**CRH CONTRACTING LLC**
By its counsel:

*/s/ Arthur F. Fergenson*
Arthur F. Fergenson, Esq.
Attorney Bar No. 00304
ANSA ASSUNCAO LLP
5850 Waterloo Road, Suite 140
Columbia, Maryland 21045
Phone: (410) 370-1139
Arthur.Fergenson@ansalaw.com

*/s/ Heather Williams*
Heather L. Williams, Esq.
Attorney Bar No. 29926
ANSA ASSUNCAO LLP
5850 Waterloo Road, Suite 140
Columbia, Maryland 21045
Phone: (410) 370-2510
Heather.Williams@ansalaw.com

*Counsel for Defendant*
*CRH Contracting LLC*

## CERTIFICATE OF SERVICE

I CERTIFY that, this 21st day of September, 2021, a true and correct copy of CRH's Answer to the Complaint was filed and served on all counsel via the Court's CM/ECF system.

*/s/ Heather Williams*
ANSA ASSUNCAO LLP