IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DISTRICT)

| | | |
|---|---|---|
| PACESETTER HOMES, INC., | * | |
|     Plaintiff | * | |
| v. | * | Case No.:  1:20-CV-02478 GLR |
| GBL CUSTOM HOME DESIGN, INC., et al. | * | |
| | * | |
|     Defendants | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

***DEFENDANT GARCEAU REALTY INC.'S ANSWER TO COMPLAINT AND CROSSCLAIM***

Defendant Garceau Realty Inc. ("Garceau"), through its undersigned counsel, respectfully file this Answer in response to the Complaint filed against it by Pacesetter Homes, Inc. ("Pacesetter"), and alleges as follows:

## I.  RESPONSES TO SPECIFIC ALLEGATIONS

### Parties[1]

1. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Complaint, and therefore, such allegations are denied.

2. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Complaint, and therefore, such allegations are denied.

---

[1] For ease of reference, Garceau utilizes the headings in Pacesetter's Complaint.  Garceau does not admit any aspect of such headings and specifically denies any characterizations or inferences therefrom.

3. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Complaint, and therefore, such allegations are denied.

4. Admitted.

## Jurisdiction and Venue

5. Paragraph 5 includes only legal conclusions to which no response is required. To the extent a response is required, such legal conclusions are denied.

6. Paragraph 6 includes only legal conclusions to which no response is required. To the extent a response is required, such legal conclusions are denied.

7. Paragraph 7 includes only legal conclusions to which no response is required. To the extent a response is required, such legal conclusions are denied.

## Factual Background

8. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Complaint, and therefore, such allegations are denied.

9. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Complaint, and therefore, such allegations are denied.

10. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Complaint, and therefore, such allegations are denied.

11. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Complaint, and therefore, such allegations are denied.

12. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Complaint, and therefore, such allegations are denied.

13. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint, and therefore, such allegations are denied.

14. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Complaint, and therefore, such allegations are denied.

15. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Complaint, and therefore, such allegations are denied.

16. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 16 of the Complaint, and therefore, such allegations are denied.

17. Denied.

18. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Complaint, and therefore, such allegations are denied.

19. Garceau admits that it is identified as the listing office on Ex. E as alleged in Paragraph 19 of the Complaint. Garceau denies the remaining allegations in Paragraph 19.

20. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 of the Complaint, and therefore, such allegations are denied.

21. Garceau admits that it is identified as the listing office on Ex. F as alleged in Paragraph 21 of the Complaint. Garceau denies the remaining allegations in Paragraph 21.

22. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the Complaint, and therefore, such allegations are denied.

23. Denied.

24. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Complaint, and therefore, such allegations are denied.

25. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 of the Complaint, and therefore, such allegations are denied.

26. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of the Complaint, and therefore, such allegations are denied.

27. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of the Complaint, and therefore, such allegations are denied.

28. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of the Complaint, and therefore, such allegations are denied.

29. Garceau admits that Exhibit I to the Complaint describes the house as under construction with the builder being identified as CRH and the listing office as Garceau as alleged in Paragraph 29 of the Complaint. Garceau denies any inference of wrongdoing or impropriety arising from such allegations.

30. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Complaint, and therefore, such allegations are denied.

31. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Complaint, and therefore, such allegations are denied.

32. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Complaint, and therefore, such allegations are denied.

33. Admitted.

34. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 of the Complaint, and therefore, such allegations are denied.

35. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Complaint, and therefore, such allegations are denied.

36. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 of the Complaint, and therefore, such allegations are denied.

37. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 of the Complaint, and therefore, such allegations are denied.

38. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 of the Complaint, and therefore, such allegations are denied.

39. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 of the Complaint, and therefore, such allegations are denied.

40. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 of the Complaint, and therefore, such allegations are denied.

41. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 of the Complaint regarding Defendant CRH, and therefore, such allegations are denied.  Garceau denies the allegations regarding it in Paragraph 41.

42. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 of the Complaint regarding Defendant CRH, and therefore, such allegations are denied.  Garceau denies the allegations regarding it in Paragraph 42.

43. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 of the Complaint, and therefore, such allegations are denied.

44. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 of the Complaint regarding Defendant CRH, and therefore, such allegations are denied. Garceau denies the allegations regarding it in Paragraph 44.

45. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 of the Complaint regarding Defendant CRH, and therefore, such allegations are denied. Garceau denies the allegations regarding it in Paragraph 45.

46. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 of the Complaint regarding Defendant CRH, and therefore, such allegations are denied. Garceau denies the allegations regarding it in Paragraph 46.

47. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 of the Complaint regarding Defendant CRH, and therefore, such allegations are denied. Garceau denies the allegations regarding it in Paragraph 47.

48. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 of the Complaint regarding Defendant CRH, and therefore, such allegations are denied. Garceau denies the allegations regarding it in Paragraph 48.

49. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 of the Complaint, and therefore, such allegations are denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54 of the Complaint, and therefore, such allegations are denied.

55. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55 of the Complaint, and therefore, such allegations are denied.

56. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 of the Complaint, and therefore, such allegations are denied.

57. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 of the Complaint, and therefore, such allegations are denied.

58. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 of the Complaint, and therefore, such allegations are denied.

59. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59 of the Complaint, and therefore, such allegations are denied.

60. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 of the Complaint, and therefore, such allegations are denied.

61. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 of the Complaint regarding Defendant CRH, and therefore, such allegations are denied. Garceau denies the allegations about it in Paragraph 61.

62. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62 of the Complaint, and therefore, such allegations are denied.

63. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 of the Complaint regarding Defendant CRH, and therefore, such allegations are denied. Garceau denies the allegations about it in Paragraph 63.

64. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64 of the Complaint, and therefore, such allegations are denied.

65. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65 of the Complaint regarding Defendant CRH, and therefore, such allegations are denied. Garceau denies the allegations about it in Paragraph 65.

66. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66 of the Complaint, and therefore, such allegations are denied.

67. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67 of the Complaint, and therefore, such allegations are denied.

68. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68 of the Complaint, and therefore, such allegations are denied.

69. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69 of the Complaint, and therefore, such allegations are denied.

70. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70 of the Complaint, and therefore, such allegations are denied.

71. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71 of the Complaint, and therefore, such allegations are denied.

72. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72 of the Complaint, and therefore, such allegations are denied.

73. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73 of the Complaint, and therefore, such allegations are denied.

74. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74 of the Complaint, and therefore, such allegations are denied.

75. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75 of the Complaint, and therefore, such allegations are denied.

76. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76 of the Complaint, and therefore, such allegations are denied.

77. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77 of the Complaint, and therefore, such allegations are denied.

78. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78 of the Complaint, and therefore, such allegations are denied.

79. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79 of the Complaint, and therefore, such allegations are denied.

80. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80 of the Complaint, and therefore, such allegations are denied.

81. Admitted.

82. Garceau admits that it listed the property on the MLS at the behest of CRH. Garceau denies the remaining allegations in Paragraph 82.

83. Denied.

84. Garceau admits that it listed the property on the MLS at the behest of CRH. Garceau denies the remaining allegations in Paragraph 84.

85. Denied.

86. Garceau admits that it listed the property on the MLS at the behest of CRH. Garceau denies the remaining allegations in Paragraph 86.

87. Denied.

88. Denied.

### Count I
### Federal Copyright Infringement Against Defendant GBL

89-99. Count I is not asserted against Garceau, and therefore, Garceau has no obligation to respond. To the extent a response is required, Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 89-99 of the Complaint, and therefore, such allegations are denied.

### Count II
### Federal Copyright Infringement Against Defendant CRH

100-111. Count II is not asserted against Garceau, and therefore, Garceau has no obligation to respond. To the extent a response is required, Garceau is without knowledge or

information sufficient to form a belief about the truth of the allegations in Paragraph 100-111 of the Complaint, and therefore, such allegations are denied.

### Count III
### Statutory Unfair and Deceptive Trade Practices Against Defendant CRH

112-115. Count III has been dismissed. *See* Dx. 31.

### Count IV
### Unfair Competition Against Defendant CRH

116-118. Count IV has been dismissed. *See* Dx. 31.

### Count V
### Federal Copyright Infringement Against Defendant Garceau

119. Garceau repeats and incorporates its responses to the above paragraphs as if fully set forth herein.

120. Garceau is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 120 of the Complaint, and therefore, such allegations are denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

## Count VI
## Statutory Unfair and Deceptive Trade Practices Against Defendant Garceau

130-133.  Count VI has been dismissed.  *See* Dx. 31.

## Count VII
## Unfair Competition Against Defendant Garceau

134-136.  Count VII has been dismissed.  *See* Dx. 31.

## General Denial

Garceau generally denies that it is liable to Plaintiff as set forth in the Complaint or otherwise, or that Plaintiff is entitled to any of the relief requested in its Complaint.

## Affirmative and Other Defenses

A.  The Complaint fails to state a claim against Garceau upon which relief can be granted.

B.  Garceau did not commit any of the improper acts alleged in the Complaint.

C.  Plaintiff's allegedly copyrighted drawings, designs and other works at issue in this case are not the original works of Plaintiff.

D.  Plaintiff's allegedly copyrighted drawings, designs and other works at issue in this case are not capable of being protected under applicable copyright law.

E.  The drawings, designs and other works prepared by CRH are not substantially similar to Plaintiff's allegedly copyrighted drawings, designs and other works at issue in this case.

F.  The Plaintiff did not incur any damages as a result of the allegations set forth in the Complaint.

G.  The Plaintiff is not entitled to any statutory damages or attorneys' fees under §§504 and 505 of the United States Copyright Act as any alleged infringement occurred or

commenced prior to Plaintiff's registration of the drawings, designs and other works at issue with the United States Copyright Office.

H. Plaintiff's claims are barred by the doctrines of laches, waiver, and/or estoppel.

I. Plaintiff's claims are barred by the applicable statute of limitations.

J. Garceau did not engage in any knowing, willful or intentional acts of copyright infringement.

K. Plaintiff may not have complied with applicable statutory requirements and formalities under copyright law, including the requirement to register any work with the US Copyright Office prior to initiating litigation.

L. Garceau reserves the right to rely on any other defense, whether based in law, fact or equity, that may be available to it.

WHEREFORE, Garceau Realty, Inc. respectfully prays for relief and judgment as follows:

1. That Plaintiff take nothing by reason of its Complaint;

2. That judgment be entered against Plaintiff and in favor of Garceau;

3. That the Court enter an order awarding Garceau its fees and costs incurred in defending this action; and

4. For such further and other relief as the Court deems proper.

## *II. CROSSCLAIM*

Pursuant to Federal Rule of Civil Procedure 13(g), Defendant/Cross-Plaintiff Garceau Realty, Inc. ("Garceau"), respectfully asserts certain cross claim against Defendant/Cross-Defendant CRH Contracting, LLC ("CRH"), and, in support thereof, states:

## JURISDICTION AND VENUE

1. The original complaint in this matter arises under the Copyright Act of 1976 (the "Copyright Act"), 17 U.S.C. §§ 101 *et seq*. As such, this Court has jurisdiction over the original action pursuant to 28 U.S.C. §§ 1331 and 1338.

2. The claims raised in these crossclaims are related to the claims raised in the original complaint, and therefore, this Court has supplemental jurisdiction over them under 28 U.S.C. §§ 1338 and 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

## PARTIES

4. Garceau is a corporation organized under the laws of the State of Maryland, with its principal place of business at 303 S. Main Street, Bel Air, MD 21014.

5. Upon information and belief, CRH is a limited liability company organized under the laws of the State of Maryland, with its principal place of business at 695 Garden Court, Westminster, MD 21157.

## COUNT I
## CONTRIBUTORY COPYRIGHT INFRINGEMENT AGAINST CRH

6. Pacesetter Homes, Inc. ("Pacesetter"), on August 27, 2020, filed a seven-count Complaint initiating this action against Garceau, CRH and GBL Custom Home Design, Inc. ("GBL"), asserting claims for copyright infringement under 17 U.S.C. §§ 101, *et seq*., unfair and deceptive trade practices under Md. Code, Comm. Law § 13-301, *et seq*., and unfair competition. The claims for unfair and deceptive trade practices under Md. Code, Comm. Law § 13-301, *et seq*. and unfair competition against Garceau and GBL were dismissed by this Court on August 17, 2021. *See*, Dx. 30 and 31.

7. Pacesetter's original Complaint asserts that it is the owner of certain copyrighted home designs and architectural plans and that CRH knowingly infringed these copyrighted designs and plans in constructing, marketing, and offering for sale certain homes in Baltimore, Maryland.

8. Pacesetter's original Complaint further asserts that Garceau infringed these copyrighted home designs and architectural plans by serving as the real estate agent or broker for these homes and listing these homes for sale on a multiple listing service website ("MLS").

9. Pacesetter further asserts that the MLS listings included certain spatial plans and other works (the "Spatial Plans"). These Spatial Plans were provided to Garceau by CRH without Garceau's knowledge that they were copied from Pacesetter

10. Garceau has answered the Complaint denying any liability to Pacesetter.

11. Garceau is without liability to Pacesetter.

12. Garceau's allegedly infringing activity is alleged to be limited to the listing of homes built and offered for sale by CRH on the MLS at the request of CRH and including the Spatial Plans in these listings.

13. Garceau had no involvement in, or participation with, the design or construction of the homes at issue or preparation of the Spatial Plans. Moreover, when listing these homes, Garceau had no information on which to suspect, or reason to believe, that CRH had copied Pacesetter's designs or Spatial Plans as alleged in the original Complaint.

14. If the allegations in Pacesetter's Complaint are true (which allegations are hereby expressly denied), any damages suffered by Pacesetter are and were the result of the acts, errors, omissions, representations, concealments, and/or breaches of CRH exclusively, and not as a result of any act, error, omission, representation, misrepresentation, concealment, or breach of

Garceau. In particular, if the allegations are true, CRH's actions of knowingly copying Pacesetter's designs, drawings, Spatial Plans and other works contributed to Garceau's infringement.

15. CRH contributorily infringed Pacesetter's copyrights in the designs, drawings, Spatial Plans and other works asserted in the original Complaint by copying such works to build certain homes, providing Garceau with the Spatial Plans, and listing the homes with Garceau for sale.

WHEREFORE, Defendant/Cross-Plaintiff Garceau Realty, Inc. demands judgment against Defendant/Cross-Defendant CRH Contracting, LLC for contributory copyright infringement in an amount at least equal to any judgment entered against it in favor of Pacesetter Homes, Inc., together with all costs, expenses, disbursements, and attorneys' fees incurred to date or incurred in the future by Garceau Realty, Inc. in defense of this action, and request that this Court grant it such other and additional relief as may be deemed just and appropriate.

## Jury Demand

Garceau respectfully requests a trial by jury on all issues so triable

Respectfully submitted,

/s/*Steven E. Tiller*
Steven E. Tiller, Bar No. 11085
stiller@wtplaw.com
Timothy R. Willman, Bar No. 21088
twillman@wtplaw.com
Whiteford, Taylor & Preston, L.L.P.
Seven Saint Paul Street
Suite 1500
Baltimore, Maryland 21202-1636
(410) 347.9425

*Counsel for Defendant*
*Garceau Realty Inc.*

## *CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that on this 21st day of September, 2021, a true and correct copy of Garceau Realty Inc.'s Answer to Complaint and Crossclaim was filed and served on all counsel of record through the Court's CM/ECF system.

/s/*Steven E. Tiller*
Steven E. Tiller