**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| Pacesetter Homes, Inc., | * | Civil Number 1:20-cv-02478-GLR |
| Plaintiff, | * | |
| v. | * | |
| GBL Custom Home Design, Inc., et al. | * | |
| Defendants. | * | |
| | * | |
| GBL Custom Home Design, Inc. | * | |
| Third-Party Plaintiff, | * | |
| v. | * | |
| Charles R. Hoffman<br>695 Garden Court<br>Westminster, MD 21157 | *<br><br>* | |
| Third-Party Defendant. | * | |
| | * | |
| Garceau Realty, Inc. | * | |
| Cross-Claim Plaintiff, | * | |
| v. | * | |
| CRH Contracting, Inc. | * | |
| Cross-Claim Defendant. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANT/THIRD-PARTY PLAINTIFF GBL CUSTOM HOME DESIGN, INC.'S
THIRD PARTY COMPLAINT AGAINST THIRD-PARTY DEFENDANT CHARLES R.
HOFFMAN**

Defendant/Third-Party Plaintiff GBL Custom Home Design, Inc. ("GBL") by and

through its counsel and pursuant to Federal Rule of Civil Procedure 14, files this Third-Party

Complaint against Third-Party Defendant Charles R. Hoffman ("Hoffman") and in support hereof, states as follows:

## PARTIES

1. Plaintiff Pacesetter Homes, Inc. ("Pacesetter"), according to the Complaint filed by Plaintiff, is a corporation organized and existing under the laws of the State of Maryland, with its principal business address at 3829 Palmetto Court, Ellicott City, Maryland 21043. A copy of Plaintiff's Complaint is incorporated herein and attached as **Exhibit A** ("Complaint").

2. Defendant/Third-Party Plaintiff GBL is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 4500 Black Rock Road, P.O. Box 709, Hampstead, Maryland 21074.

3. Defendant CRH Contracting, LLC ("CRH") is a limited liability company organized under the laws of the State of Maryland, with its principal place of business at 695 Garden Court, Westminster, Maryland 21157.

4. Defendant Garceau Realty, Inc. ("Garceau") is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 303 S. Main Street, Bel Air, Maryland 21014.

5. Third-Party Defendant Hoffman is an individual who resides in Maryland and upon information and belief, is the sole member and operator of CRH. Hoffman controls, financially benefits from, and directs the operations of CRH.

## JURISDICTION AND VENUE

6. The Complaint in this matter arises under the Copyright Act of 1976 (the "Copyright Act"), 17 U.S.C. §§ 101 *et seq*. As such, this Court has jurisdiction over the original action pursuant to 28 U.S.C. §§ 1331 and 1338.

7. The claims raised herein are related to the claims raised in the Complaint, and therefore, this Court has supplemental jurisdiction over them under 28 U.S.C. §§ 1338 and 1367.

8. This Court has personal jurisdiction over Third-Party Defendant Hoffman because he resides in Maryland, maintains a place of business in Maryland, and engages in business on a regular basis in Maryland, including in Baltimore.

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

## FACTS COMMON TO ALL COUNTS

10. The Complaint filed by Pacesetter against GBL, CRH, and Garceau asserts claims for copyright infringement pursuant to 17 U.S.C § 101, *et seq*.

11. Pacesetter alleges in its Complaint that it is owner of certain copyrighted architectural plans for the Pacesetter Homes Charlotte Model (the "Architectural Plans").

12. Pacesetter alleges in its Complaint that GBL infringed the Architectural Plans when it allegedly substantially reproduced the Architectural Plans and sold the reproduced plans to CRH and CRH infringed the Architectural Plans when it used those plans to construct multiple houses to be sold in Baltimore, Maryland.

13. Hoffman and GBL have worked together for over 20 years on many housing projects. Based on Hoffman and GBL's business dealings and long-standing relationship, GBL had an expectation of loyalty from Hoffman.

14. In addition to a business relationship, Hoffman and the owner of GBL, and their families, enjoyed a close personal relationship.

15. On or about June 24, 2019, Hoffman forwarded an e-mail to GBL which included a copy of plans. *See* **Exhibit B**.

16. In the June 24, 2019 e-mail Hoffman wrote to GBL, "Can you draw up this or very similar for a 30 ×30 2 story. …"

## COUNT I
## INTENTIONAL MISREPRESENTATION

17. GBL restates and incorporates the previous allegations in Paragraphs 1 through 16 as if fully set forth herein.

18. Hoffman knowingly and intentionally e-mailed the Architectural Plans for the purpose of inducing GBL to copy the Architectural Plans.

19. Hoffman instructed GBL to copy the Architectural Plans knowing that Hoffman did not have the right to instruct GBL to copy the Architectural Plans.

20. Hoffman's failure to disclose that he did not have the right to instruct GBL to copy the Architectural Plans constituted a failure to disclose a material fact, which he had a duty to disclose.

21. Because of their long-standing, close relationship, Hoffman knew that GBL would comply with his instruction to copy the Architectural Plans.

22. Hoffman failed to disclose to GBL that he did not have rights to the Architectural Plans with the intent to deceive GBL. Hoffman knew GBL would not have reproduced the Architectural Plans had GBL known that Hoffman did not have the right to so instruct GBL.

23. GBL justifiably relied on Hoffman's instruction based on their long-standing, close relationship and was not aware that Hoffman did not have the right to instruct GBL to copy the Architectural Plans.

24. GBL was included as a defendant in Pacesetter's suit based on infringement of the Architectural Plans and therefore suffered compensable injury resulting from the misrepresentation.

WHEREFORE, GBL prays that this Court enter judgment in its favor against Hoffman in an amount to be proven at trial, plus the costs of this action.

## COUNT II
## NEGLIGENT MISREPRESENTATION
## (In the Alternative to Count I)

25. GBL repeats and realleges each of the allegations contained in Paragraphs 1 through 16 as if fully set forth herein.

26. Hoffman and GBL have worked together for over 20 years on many housing projects. Based on the parties' dealings and long-standing relationship, GBL had an expectation of loyalty from Hoffman. In addition to a business relationship, Hoffman and the owner of GBL, and their families, enjoyed a close personal relationship.

27. Hoffman had a duty of care and fair dealing to GBL.

28. Hoffman negligently omitted that he did not have the rights to the Architectural Plans.

29. Because of their long-standing, close relationship, Hoffman knew that GBL would comply with his instruction to copy the Architectural Plans.

30. GBL justifiably relied on Hoffman's instruction based on their long-standing, close relationship and was not aware that Hoffman did not have the right to instruct GBL to copy the Architectural Plans.

31. GBL was included as a defendant in Pacesetter's suit based on infringement of the Architectural Plans and therefore suffered damage proximately caused by Hoffman's negligence.

5

WHEREFORE, GBL prays that this Court enter judgment in its favor against Hoffman in an amount to be proven at trial, plus the costs of this action.

## COUNT III
## COMMON LAW INDEMNIFICATION

32. GBL restates and incorporates the previous allegations in paragraphs 1 through 31 as if fully set forth herein.

33. Although GBL denies any liability to Pacesetter arising from the allegations in the Complaint, any damages Pacesetter claims to have sustained as alleged in its Complaint were not caused by any negligence, acts, errors, omissions, or wrongful conduct of GBL and result from the actions or omissions of Hoffman.

34. Therefore, Hoffman must indemnify GBL should Pacesetter succeed in any theory of recovery against GBL asserted in the Complaint.

WHEREFORE, if GBL is held liable to Pacesetter for all or part of the allegations in the Complaint, GBL requests that (1) Hoffman pay any judgment that may be entered against GBL for any and all injuries, damages, losses, claims, expenses and attorneys' fees awarded to Pacesetter against GBL; (2) Hoffman pay GBL for any and all expenses and/or attorneys' fees and costs GBL incurs as a result of having to defend the claims brought against GBL and to prosecute this Third-Party Complaint against him; and (3) that this Court grant it such other and additional relief as may be deemed just and appropriate.

Respectfully submitted,

Dated: October 5, 2021

/s/ Kaitlin D. Corey_____
James B. Astrachan, Bar No. 03566
Kaitlin D. Corey, Bar No. 19907

Astrachan Gunst Thomas, P.C.<br>
One South Street, 19th Floor<br>
Baltimore, MD 21202<br>
410-783-3550 (telephone)<br>
410-783-3530 (facsimile)<br>
jastrachan@agtlawyers.com<br>
kcorey@agtlawyers.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of October, 2021, a true and correct copy of GBL Custom Home Design, Inc.'s Third Party Complaint was filed and served on all counsel of record through the Court's CM/ECF system.

                                        */s/ Kaitlin D. Corey*_____
                                        Kaitlin D. Corey